IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02782-DDD-SBP

K.C., a minor, by and through his mother Mia Clements,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

## ORDER OF UNITED STATES MAGISTRATE JUDGE

**Susan Prose, United States Magistrate Judge**

    This matter comes before the court on plaintiff K.C.'s Motion to Submit Additional Evidence ("Motion"), ECF No. 23, filed by minor K.C. through his mother, Mia Clements. Defendant Denver Public Schools (the "District") filed a response opposing the Motion ("Response"), ECF No. 28; K.C. filed a reply ("Reply"). ECF No. 29. Having now reviewed the Motion, the evidence in support of the Motion, and the applicable law, for the following reasons, this court respectfully **GRANTS** the Motion.

## BACKGROUND

    The following facts are drawn from the docket and from filings made by the parties and are not disputed for the purpose of ruling upon the Motion except as otherwise noted.

    K.C. is an autistic minor who attended second and third grade in the District from 2020 to mid-2022. Response at 1. Beginning in February 2021, when K.C. was in second grade and had not yet been diagnosed as autistic, K.C.'s mother became concerned about his behavior and

grades and requested a special education evaluation. Complaint, ECF No. 1, at ¶¶ 15-35. K.C. alleges that the District did not take sufficient action to identify K.C.'s disability or to ensure that K.C. did not lose any educational opportunities as a result of his disability. *See generally* Complaint.

In June 2022, K.C. filed a due process complaint pursuant to the Individuals with Disabilities Education Act ("IDEA") before an administrative law judge ("ALJ") against the District, alleging that the District failed to comply with its "child find obligation," or the District's affirmative obligation under 34 C.F.R. § 300.111 to identify and evaluate all children with disabilities, and failed to provide K.C. with Free Appropriate Public Education ("FAPE"), as required under the IDEA.[1] Motion at 2. Following a May 8, 2023 hearing (the "ALJ Hearing"), the ALJ determined that, while the District had failed in meeting its child find obligation with regards to K.C., the District had nevertheless complied with FAPE requirements. *See* Response at 7. Following the ALJ's determination, K.C. appealed the ALJ's ruling to this court. *See* 20 U.S.C. § 1415(i)(2).

In the Motion, K.C. seeks to submit additional evidence in accordance with 20 U.S.C. § 1415(i)(2)(c)(ii), which allows a party to submit additional evidence that was not considered at the ALJ hearing. *See* Motion at 3. The proffered evidence is a set of academic records and reports that were created subsequent to the ALJ Hearing in May 2023. These documents include Individualized Education Plans (or "IEPs"), exam reports, and records regarding K.C. and his

---

[1] Once a child with a disability is identified, a school district incurs a duty to provide FAPE to that child, which generally involves providing special education and related services. *See* 34 C.F.R.§§ 300.17 (defining FAPE) and 300.101 (reiterating FAPE requirement).

2

academic performance at his new school in a different district, at which he received special education services during the fourth, fifth, and sixth grades. Motion at 6. K.C. argues that this evidence is relevant in assessing the ALJ's determination that K.C. did not experience any loss of educational opportunity. Motion at 4-7. The District responds that this evidence is irrelevant, arguing that K.C.'s academic performance subsequent to the ALJ Hearing has no bearing on whether the District fulfilled its FAPE requirements. Response at 4.

## ANALYSIS

As an initial matter, the District argues that K.C. could have brought the Motion at any time since the pendency of the litigation, and that his failure to do so at an earlier stage renders the request untimely and prejudicial. Response at 5-6. In support of this argument, the District cites *O'Toole v. Olathe Dist. Schs. Unified Sch. Dist. No. 223*, in which the Tenth Circuit found that a motion to submit additional evidence had not been brought in a timely manner where discovery had closed more than three months prior to the request and the moving party had not indicated any intent to submit additional evidence before submitting the motion. Here, however, the court set a deadline for any motion to submit additional evidence to be filed by December 16, 2024, and K.C. filed the Motion by that day. *See* Scheduling Order, ECF No. 21 at 2. The parties had agreed on this timeline among themselves. *See* Proposed Joint Case Management Plan, ECF No. 20 at 2. Thus, the Motion is not untimely.

The District also argues that the proffered evidence is irrelevant to the issue of whether the District met its obligation to comply with FAPE requirements and therefore should not be admitted.

Additional evidence may be submitted to a court by a party appealing an IDEA

3

determination pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii). However, courts have disagreed on the meaning of "additional evidence." Some courts apply a restrictive approach—known as the *Burlington* standard—and only permit evidence that is "supplemental" in nature; other courts do not distinguish between "supplemental" and other evidence. *See Murray v. Montrose Cnty. Sch. Dist. RE-1J*, 51 F.3d 921, 930-31 n.15 (10th Cir. 1995) (outlining these separate approaches); *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773 (1st Cir. 1984). While the Tenth Circuit has not yet addressed this point, this District has previously applied the *Burlington* standard. *See, e.g.*, *L.S. v. Calhan Sch. Dist. RJ-1*, No. 15-cv-00426-LTB-MJW, 2016 WL 541005, at *2 (D. Colo. Feb. 11, 2016).

Under the *Burlington* standard, "additional evidence" means evidence that "is merely supplemental to the administrative record." *L.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004). The reasons for permitting supplementation vary, but have included "evidence concerning relevant events occurring subsequent to the administrative hearing." *Murray*, 51 F.3d at 931 n.15 (quoting *Burlington*, 736 F.2d at 790). *Burlington* lays out factors to be considered in determining whether the proffered evidence is "supplemental" in nature, including: "the important concerns of not allowing a party to undercut the statutory rule of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Burlington*, 736 F.2d at 790. Ultimately, "the district court has discretion to determine if such additional evidence is necessary." *O'Toole*, 144 F.3d at 708-09.

In arguing that the proffered evidence is not relevant to the issue of whether the District met its obligation to comply with FAPE requirements, the District cites *Cherry Creek Sch. Dist.*

4

*No. 5 v. A.G.*, in which the court declined to permit the introduction of additional evidence because it found the evidence was not relevant. *See* No. 23-cv-00874-LTB-TPO, ECF No. 29 at 7-8 (D. Colo. May 20, 2024). In *Cherry Creek*, the school district had appealed an ALJ ruling that the school district had failed to fulfill its child find obligation; in challenging the ruling, the school district sought to submit evidence that the student's new school agreed with the assessment made by the child's previous school. *Id.* at 7-9. The court held that the proffered evidence was irrelevant because the student's subsequent academic performance at the new school was not probative of whether the old school district complied with its child find obligation. *Id*.

The issue at hand is distinguishable from the issue raised in *Cherry Creek*. Here, the parties are not challenging whether or not the District failed in its child find duty, but rather whether the District fulfilled its FAPE requirements. *See, e.g.*, Motion at 1-2. K.C. argues that his performance at his subsequent school is relevant to show that his academic performance while receiving special education services has improved, therefore indicating that the District failed to fulfill FAPE requirements by not providing him with any special education services while he was at his former school. Motion at 4-5. Since *Cherry Creek* deals with the school district's child find obligation, not with FAPE requirements, that case does not address the relevance of the evidence offered by K.C.

K.C. has provided a logical explanation as to why the proffered evidence would be probative of whether the District fulfilled its FAPE requirements. And courts regularly allow subsequent additional evidence in these circumstances, finding that such evidence is probative of whether a school district fulfilled its FAPE requirements. *See, e.g.*, *L.S*, 2016 WL 541005, at *4

5

(holding that evidence of a student's behavioral issues at a new school district was relevant to the issue of whether the student's former school district met its FAPE requirements). While the District argues that the proffered evidence would not be probative because there is already evidence of K.C.'s progress at his new school and because K.C.'s circumstances have changed significantly for reasons extending beyond the services he now receives, Response at 8, the District does not identify this preexisting evidence, nor does the point that K.C.'s circumstances have changed in many ways make the proffered evidence non-probative. While the District may certainly continue to argue that these extraneous circumstances render the evidence proffered by K.C. weak or that these circumstances explain his alleged progress, K.C.'s theory as to why the proffered evidence supports his claims is clear.

Accordingly, the court is persuaded by K.C.'s argument that his subsequent academic performance while receiving special education services is relevant to his argument that the District failed to provide him with FAPE.

The District also argues that admitting evidence as to K.C.'s subsequent academic performance would change "the character of review" and "undercut the statutory rule of administrative expertise," converting this case into a trial de novo. *See* Response at 9; *see also L.B.*, 379 F.3d at 974.

Under the IDEA, courts are authorized to employ a "somewhat unique standard of review." *Alex W. v. Poudre Sch. Dist. R-1*, 94 F.4th 1176, 1183 (10th Cir. 2024). Since the IDEA permits the submission of additional evidence subsequent to the ALJ hearing, a "district court applies a modified *de novo* standard in reviewing" the ALJ's decision. *L.B.*, 379 F.3d at 974. "In so doing, it must give 'due weight' to the hearing officer's findings of fact, which are considered

6

*prima facie* correct." *Id.* In other words, the court "must maintain the character of review and not rise to the level of a *de novo* trial." *Id.* However, as long as the court gives due weight to the hearing officer's findings of fact, then the admission of evidence pursuant to 20 U.S.C. § 1415(i)(2) is permissible. Thus, the court may properly admit additional evidence so long as the court treats this evidence as supplementing, not replacing, the administrative record, and gives due deference to the ALJ's decision and findings of fact. The District has identified no reason why the court could not treat the proffered evidence as supplemental to, and not replacing, the administrative record here. Furthermore, while the District expresses fear that the proffered evidence "will require this Court to make findings of fact and interpret educational data on its own", both the District and K.C. will have further opportunities to contextualize all evidence proffered in this matter. As a result, admission of the proffered evidence would not improperly convert this proceeding into a *de novo* trial.

In sum, the court finds that the proffered evidence may be submitted and accepted by the court as supplemental evidence pursuant to 20 U.S.C. § 1415(i)(2)(C). Because the court finds that the proffered evidence may be accepted, the court directs K.C. to refile the Motion and its exhibits on the public docket within fourteen days, with appropriate redactions made as necessary.

## CONCLUSION

For the reasons above, the court respectfully finds that K.C.'s Motion to Submit Additional Evidence is **GRANTED**.[2]

DATED: July 10, 2025                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").