IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02782-DDD-SBP

K.C., *a minor, by and through his mother Mia Clements*,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

---

### ORDER OF UNITED STATES MAGISTRATE JUDGE

---

**Susan Prose, United States Magistrate Judge**

    This matter comes before the court on Defendant Denver Public Schools (the "District")'s Motion to Supplement/Submit Additional Evidence ("Motion"). ECF No. 43. Plaintiff K.C. ("Plaintiff") filed a response opposing the Motion ("Response") through his mother, Mia Clements. ECF No. 44. The District filed a reply ("Reply"). ECF No. 47. Having now reviewed the Motion, the evidence in support of the Motion, and the applicable law, for the following reasons, this court respectfully **GRANTS** the Motion.

                                  I.      ANALYSIS

    For the facts relevant to this Motion, the court refers to the facts set forth within the court's order on Plaintiff's previous Motion to Submit Additional Evidence at ECF No. 31.

    Here, the District moves to submit additional evidence in the form of a due process complaint Plaintiff made on October 25, 2025 on behalf of K.C. against the Cherry Creek School District ("CCSD"). The District argues that this evidence is relevant because allegations made in the due process complaint contradict and conflict with arguments that Plaintiff has made in the present matter. Plaintiff responds that the due process complaint is "irrelevant" to these proceedings and argues that because merits briefing has already been completed, admitting the

1

due process complaint would "unnecessarily multiply these proceedings and waste the parties' and judicial resources."

As discussed in the court's order at ECF No. 31, and as the parties acknowledge, the standard enunciated in *Burlington v. Dep't of Education*, 736 F.2d 773, 791 (1st Cir. 1984), *aff'd on other grounds*, 471 U.S. 359 (1985), applies in these circumstances and allows for the admission of "additional evidence." Under the *Burlington* standard, "additional evidence" means evidence that "is merely supplemental to the administrative record." *L.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004). The reasons for permitting supplementation vary, but have included "evidence concerning relevant events occurring subsequent to the administrative hearing." *Murray By & Through Murray v. Montrose Cnty. Sch. Dist. RE-1J*, 51 F.3d 921, 931 (10th Cir. 1995) (quoting *Burlington*, 736 F.2d at 790); *see L.S. v. Calhan Sch. Dist. RJ-1*, No. 15-cv-00426-LTB-MJW, 2016 WL 541005, at *2 (D. Colo. Feb. 11, 2016) (such evidence provides an "exemplary reason" to allow the admission of such evidence). *Burlington* lays out factors to be considered in determining whether the proffered evidence is "supplemental" in nature, including: "the important concerns of not allowing a party to undercut the statutory rule of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Burlington*, 736 F.2d at 791. Ultimately, "the district court has discretion to determine if such additional evidence is necessary." *O'Toole By & Through O'Toole v. Olathe Dist. Schs. Unified Sch. Dist. No. 233*, 144 F.3d 692, 708 (10th Cir. 1998).

First, Plaintiff claims that just because Plaintiff argued in the due process complaint that K.C.'s treatment at CCSD was "ineffective" does not mean that K.C. did not "improve" to at least some degree in relevant areas, stating that "K.C.'s continued success or failure at CCSD does not control whether he showed improvement, relative to himself, after receiving special education." While the court agrees that it is possible that K.C. improved to *some* degree even if his treatment was "ineffective," Plaintiff appears to imply that the degree of K.C.'s improvement is not relevant so long as K.C. showed *any* level of improvement. This is clearly not the case; for instance, if K.C.'s improvement with the support of special education was merely negligible, this could ultimately serve to undermine Plaintiff's claims. The District compellingly argues that the

due process complaint may support the notion that Plaintiff has argued elsewhere that any improvement by K.C. was negligible, and the court finds the due process complaint to be probative of this relevant issue.

Relatedly, despite Plaintiff's arguments otherwise, the District has sufficiently stated why it believes the proffered evidence contradicts the facts or circumstances that Plaintiff alleges here. The District has explained that in this matter, Plaintiff has at least arguably asserted that K.C. improved his writing while at CCSD and that his social and emotional functioning also improved while at CCSD, while in the due process complaint, Plaintiff at least arguably asserted that K.C. experienced regression *in all areas* while at CCSD and that his social and emotional well-being deteriorated as well. Plaintiff argues in response that just because Plaintiff argued in the due process complaint that K.C.'s treatment at CCSD was "ineffective" does not mean that K.C. did not improve in relevant areas. While the court agrees that, in theory, it is possible that K.C. improved despite Plaintiff's past assertions regarding CCSD, the court nonetheless finds that the due process complaint is probative of the issue of whether Plaintiff has argued elsewhere that K.C. did not show significant improvement in any area, which is a relevant issue here.

Plaintiff also argues that because the due process complaint contains no "facts," but merely Plaintiff's allegations against CCSD, and because no court had reached any finding as to her allegations, her due process complaint is not probative of the facts here. Plaintiff cites no point of law in support of the proposition that arguments contained within a legal filing, or indeed within any document, cannot provide relevant or probative evidence. While it is true that Plaintiff's allegations in the due process complaint are merely her assertions and that the due process complaint does not in and of itself grant the substance underlying those assertions the weight of fact, it is nonetheless a fact that Plaintiff *made* these assertions, thus arguably demonstrating that multiple interpretations of the evidence at issue are possible and potentially going to the issue of whether, as the District claims, "Plaintiff has selectively interpreted the same documents to meet different ends against different school districts."

Plaintiff further argues that admitting the evidence at issue would unfairly and unnecessarily multiply judicial proceedings. As the court noted in ruling on Plaintiff's prior motion to submit additional evidence, both the District and K.C. will have further opportunities

3

to contextualize evidence proffered in this matter; the court finds that the evidence proffered here helps to clarify the evidence already before the court rather than imposing a significant burden upon either the court or the parties. The court does not find that it needs to reach "additional factual findings" regarding the allegations in the due process complaint, as Plaintiff claims; the District has not offered the due process complaint in order for the court to evaluate the *truth* of the allegations therein, and the court need not do so. At this time, the court also does not find that it requires "supplemental briefing" as to the due process complaint, as Plaintiff claims. And even if supplemental briefing ultimately proves to be necessary here, Plaintiff's assertion that supplemental briefing would be a "waste" rests on the assumption that the due process complaint is "irrelevant." The court does not consider the due process complaint to be irrelevant, and accordingly disagrees with Plaintiff.

      Finally, Plaintiff argues that the District's Motion is untimely, but Plaintiff acknowledges that the due process complaint was not filed until ten months after the deadline for motions for additional evidence in this matter and that the District filed this motion for additional evidence within a month of learning of the due process complaint. Accordingly, the court does not consider the Motion to be untimely, and Plaintiff has proffered no point of law that might cause the court to hold otherwise.

      Accordingly, the court agrees with the District that the due process complaint constitutes additional evidence concerning relevant events occurring subsequent to the administrative hearing, and accordingly, grants the District's Motion pursuant to the *Burlington* standard. The proffered evidence may be submitted and accepted by the court as supplemental evidence pursuant to 20 U.S.C. § 1415(i)(2)(C).

## II. CONCLUSION

For the reasons set forth above, the court respectfully **GRANTS** the District's Motion.[1]

DATED: January 26, 2026                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").